**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Steven Freedman, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Midland Credit Management, Inc.; and DOES 1-10, inclusive, | **COMPLAINT** |
| Defendants. | |

For this Complaint, the Plaintiff, Steven Freedman, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.      The Plaintiff, Steven Freedman ("Plaintiff"), is an adult individual residing in Worcester, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant Midland Credit Management, Inc. ("Midland"), is a California, business entity with an address of 8875 Aero Drive, Suite 200, San Diego, California, 92123, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Midland and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Midland at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

8.      The Plaintiff incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.      The Debt was purchased, assigned or transferred to Midland for collection, or Midland was employed by the Creditor to collect the Debt.

11.      The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.  Midland Engages in Harassment and Abusive Tactics

12.      Midland reported the Debt on Plaintiff's Credit Report under the business name "MCM" as opposed to the name of the Creditor, "Tribute."

2

13.     Plaintiff sent a letter to Midland on September 24, 2010 via certified mail requesting that Midland produce "copies of all papers bearing my signature (include the terms and conditions of any agreements); required under 209 CMR 18.18(3)(a)," "A ledger, account card, or similar record which reflect the dates and amounts of payments, credits, and charges to the account required under 209 CMR 18.18(3)(b)," "If there is a discrepancy between the figures provided in item #2 and the figures on my credit report,  provide a breakdown of this discrepancy and the authority therefore; required under USC 1692f(1)," and "A copy of the written assignment agreement with the alleged original creditor; required under UCC Sec 34 9-405."

14.     Further, Plaintiff requested in his September 24, 2010 that Midland not place calls to him in an attempt to collect the Debt.

15.     Midland, in its response to Plaintiff's September 24, 2010 letter, failed to produce the requested information.

16.     Midland has placed successive calls to Plaintiff in an attempt to collect the Debt despite Plaintiff's request that it not do so.

17.      Often times Midland would hang up the telephone on Plaintiff and immediately re-call him.

18.     Midland has used rude and abusive language when placing calls to Plaintiff.

C.  **Plaintiff Suffered Actual Damages**

19.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

20.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

3

21.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

22.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.     The Defendants' conduct violated 15 U.S.C. § 1692c(c) in that Defendants contacted the Plaintiff after having received written notification from the Plaintiff to cease communication.

24.     The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.

25.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

26.     The Defendants' conduct violated 15 U.S.C. § 1692e(8) in that Defendants reported  false credit information.

27.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

28.     The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants continued collection efforts even though the Debt had not been verified.

29.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30.     The Plaintiff is entitled to damages as a result of Defendants' violations.

4

**COUNT II**
**VIOLATIONS OF THE MASSACHUSETTS DIVISION OF BANK'S DEBT**
**COLLECTION REGULATIONS 209 CMR 18 et seq.**

**31.**

32.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33.     The Defendant's conduct violated 209 CMR § 18.18(2) in that Defendant continued collection efforts even though the Debt had not been validated.

34.     The Defendant's conduct violated 209 CMR § 18.18(3)(a) in that Defendant continued collection efforts even though they failed, neglected and/or refused to send the Plaintiff any documents bearing his signature that was requested by the Plaintiff.

35.      The Defendant's conduct violated 209 CMR § 18.18(3)(b) in that Defendant continued collection efforts even though they failed, neglected and/or refused to send the Plaintiff an itemization of all charges to the account that was requested by the Plaintiff.

36.     The Defendant's conduct violated 209 C.M.R. § 18.16(2)(a) in that Defendant misrepresented the character, amount and legal status of the debt.

37.     The Defendant's conduct violated 209 C.M.R. § 18.16(8) in that Defendant reported false and/or invalidated information to the national credit reporting agencies.

38.     The Defendant's conduct violated 209 C.M.R. § 18.17(1) in that Defendant continued collection efforts without producing the agreement creating the debt.

39.     The Defendant's conduct violated 209 C.M.R. § 18.18(11) in that Defendant reported the account to the national credit reporting agencies in their own name instead of the creditor's name.

## COUNT III
## VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, M.G.L. c. 93A § 2, et seq.

40.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41.     The Defendants employed unfair or deceptive acts to collect the Debt, in violation of M.G.L. c. 93A § 2.

42.     Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 9 and, as such, the Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

## COUNT IV
## DEFENDANTS VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. 1681 et seq.

43.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44.     That the Defendant's conduct violated the Fair Credit Reporting Act 15 U.S.C. 1681s-2(a)(1)(A) when they reported information with actual knowledge of errors.

45.     That the Defendant's conduct violated the Fair Credit Reporting Act 15 U.S.C. 1681s-2(a)(1)(b) when they reported information after notice of errors and confirmation of same.

46.     The Plaintiff is entitled to recover costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT V
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

47.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

49.     Massachusetts further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Massachusetts state law.

50.     The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with excessive phone calls.

51.     The telephone calls made by Defendant to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

52.     The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

53.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

54.     All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## COUNT VI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

55.     The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully set forth herein at length.

56.     The acts, practices and conduct engaged in by the Defendants vis-à-vis the

Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible

bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized

community.

57.     The foregoing conduct constitutes the tort of intentional infliction of emotional

distress under the laws of the State of Massachusetts.

58.     All acts of Defendants and the Collectors complained of herein were committed

with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to

imposition of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2.  Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C.
    §1692k(a)(2)(A) against Defendants;

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C.
    § 1692k(a)(3) against Defendants;

4.  Double or treble damages plus reasonable attorney's fees pursuant to M.G.L.
    c.  93A § 3(A);

5.   Actual damages from Defendants for the all damages including emotional

distress suffered as a result of the intentional, reckless, and/or negligent

FDCPA violations and intentional, reckless, and/or negligent invasions of

privacy in an amount to be determined at trial for the Plaintiff;

6.   Punitive damages; and

7.   Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 16, 2011

Respectfully submitted,

By  _/s/ Sergei Lemberg

Sergei Lemberg (BBO# 650671)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff